FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2006 FEB 21  PM 3: 41

CLERK
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| RYAN JARROD STANFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV606-16 |
| ) | |
| HUGH SMITH, JOHN W. PAUL, and ) | |
| LAYMON McCOWN, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner at the Georgia State Prison, has submitted a complaint under 42 U.S.C. § 1983 and an application to proceed without prepayment of fees. Pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit has held that a prisoner barred from proceeding *in forma pauperis* due to the three strikes provision in § 1915(g) must pay the

complete filing when he initiates a suit. <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a frequent filer in the federal courts, having instituted thirteen actions among the three districts in Georgia since November 2004. At least five of these complaints have been dismissed under §1915A, which directs courts to conduct an early screening of prisoner suits to determine if they may be dismissed for frivolity, maliciousness, failure to state a claim upon which relief may be granted, or seeking relief from an immune defendant. See <u>Stanford v. United States District Court</u>, 5:05-CV-386 (CAR), doc. 5 (M.D. Ga. Nov. 23, 2005) (dismissing case as frivolous); <u>Stanford v. Smith</u>, CV605-81, doc. 6, adopted by doc. 10 (S.D. Ga. Nov. 10, 2005) (dismissed for failure to state a claim based on deficient pleading); <u>Stanford v. Smith</u>, CV605-56, doc. 6, adopted by doc. 10 (S.D. Ga. Nov. 1, 2005) (dismissed for failure to state a claim based on deficient pleading); <u>Stanford v. Head</u>, 1:05-CV-1988-ODE, doc. 4 (N.D. Ga. Aug. 21, 2005)

(dismissing case as frivolous); Stanford v. Smith, CV604-149, doc. 19, adopted by doc. 21 (S.D. Ga. June 22, 2005) (finding plaintiff's complaint failed to state a claim upon which relief may be granted); see also Stanford v. Smith, CV606-10, doc. 3 (S.D. Ga. February 10, 2006) (recommending dismissal of case based on three strikes provision). These five cases count as "strikes" under § 1915(g). Thus, without a showing of imminent danger of serious physical injury, plaintiff's *in forma pauperis* petition should be denied and his complaint dismissed without prejudice.

In order to come within the imminent danger exception, a prisoner must be in imminent danger when he files his complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Plaintiff's complaint alleges that he is being denied full access to the state's prison grievance procedures. Because plaintiff has not alleged that he is in imminent danger of serious physical injury, he is not entitled to proceed *in forma pauperis* and is required to pay the complete filing fee pursuant to § 1915(g).

For the reasons stated above, plaintiff's motion to proceed without prepayment of fees should be **DENIED** and his complaint should be **DISMISSED** without prejudice. If plaintiff wishes to proceed with the

3

claims he raises in this suit, he must file a new complaint accompanied by the full $250.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 17th day of February, 2006.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA